(134 So. 375)

**JONES v. ERNST & ERNST.**
No. 30031.

March 30, 1931.

Rehearing Denied April 27, 1931.

Ridgely Moise, of New Orleans, for appellant.

Spencer, Gidiere, Phelps & Dunbar, of New Orleans, Squire, Sanders & Dempsey, of Cleveland, Ohio (Sterling Newell, of Cleveland, Ohio, and Charles E. Dunbar, Jr., of New Orleans, of counsel), for appellees.

ROGERS, J.

Plaintiff sued for an alleged balance due for salary for the first nine months of 1927. Defendant, a partnership, answered that the amount claimed was for a bonus, not for salary, which under its contract it was not obligated to pay; and, if not a bonus, that plaintiff by his disloyal acts had forfeited any claim thereto. Defendant also reconvened praying for the return of the amount paid plaintiff as salary during the period of his

alleged disloyalty, for an amount due for overdrafts, and for the damages resulting from plaintiff's alleged disloyal activities.

The court below rejected plaintiff's demand, and gave defendant judgment in reconvention for $442.03, less a credit of $208.33. Plaintiff appealed and defendant answered the appeal, praying that the amount of its judgment in reconvention be increased.

Ernst & Ernst, the defendant firm, is engaged in the business of accounting, with offices in many of the large cities of the country. Plaintiff, who is a certified public accountant, was transferred in 1920 from the defendant's Dallas office to its New Orleans office, of which in 1921 he became the manager. Plaintiff's salary as manager was $416.66 per month, payable semimonthly. In addition to the fixed salaries it was the policy of the defendant at the close of the fiscal year in December to distribute among its employees and executives certain varying amounts as extra compensation. Plaintiff's allotment in the distribution made in 1926 was $5,500, and he contends that he is entitled to three-fourths of this amount, say $4,125, as additional salary for the nine months of the year 1927 that he was in defendant's employ.

We find from our examination of the record that the evidence amply sustains the conclusion reached by the judge of the district court that the amount sued for by plaintiff was a bonus purely and simply, payable entirely at the option of the defendant.

Plaintiff resigned his position with defendant on thirty days' notice, the resignation becoming effective on October 1, 1927. Thereafter, plaintiff engaged in the business of accounting on his own behalf, several of the defendant's employees becoming associated with him therein.

█ Defendant predicates its reconventional demand for the recovery of salary paid and for damages on plaintiff's alleged disloyalty in persuading certain of its employees to leave defendant and for failing to obtain renewal contracts from its regular clients.

The employees who left defendant to engage in business with plaintiff were employed by defendant on a monthly basis only. We know of no law, and have been referred to none, which prohibited them at the end of any monthly period from leaving defendant's employ. On the contrary, we think that in consonance with the spirit of free labor they ought to be maintained in their right to do so. Certainly no action lies against plaintiff merely because he chose to employ them after they had left defendant's service. And this is so, even though plaintiff and defendant's former employees during their term of employment planned to engage in a competing business at the expiration thereof. Every person has the right to better his condition if he can lawfully do so. There is nothing to show that defendant's business was fundamentally injured while plaintiff and his present associates were working for defendant. It is true that the renewal of audit orders fell off to some extent. But it is not shown that this was due to any fault of the plaintiff. On the contrary, it appears to have been due largely, if not wholly, to the flood conditions prevailing in 1927 over a considerable part of the territory served by defendant's New Orleans office. Defendant's home office was advised weekly of the orders on hand at defendant's New Orleans office, and the conditions prevailing in that office, particularly with reference to future business, without apparently evoking any complaint or suggestion from defendant relative thereto. Moreover, the record shows that the net profits of defendant's New Orleans office for the first eight months of 1927 were $19,879.09 against a net profit of $15,041.82 for the first eight months of 1926, or a net increase of profit of $4,827.27.

The plaintiff and his present associates rendered valuable service to defendant while in its employ, and the fact that they chose to leave that employment and engage in a competitive business does not authorize a recovery by defendant of the compensation received by plaintiff for his services. Nor does the fact that by reason of these acts of plaintiff and his associates defendant may have suffered some injury give rise to an action for damages in defendant's favor. They are damnum absque injuria.

The court below gave defendant judgment in reconvention for $442.03, the admitted amount of plaintiff's overdrafts as against his expected bonus, subject to a credit of $208.33. The credit allowed plaintiff represented his unpaid salary for the last half of the month of September, 1927. In its answer to the appeal, defendant specifically requested that the judgment be amended by rejecting this credit allowance. Defendant's request is predicated on the same theory which it advanced in support of its demand for the return of the salary actually paid plaintiff during the previous months of 1927. We are unable to subscribe to the correctness of defendant's theory, as shown by our discussion thereof; hence defendant's prayer for the rejection of the credit allowed plaintiff by the court below for his unpaid salary for the last half of the month of September, 1927, must be denied.

For the reasons assigned, the judgment appealed from is affirmed.