**BROWN & ROOT, INC.**

v.

**Howard P. LaBAUVE.**

Civ. A. No. 8928.

United States District Court
W. D. Louisiana,
Lafayette Division.

Aug. 7, 1962.

Plauche & Stockwell, James R. St. Dizier, Lake Charles, La., and Sanders, Miller, Downing, Rubin & Kean, Ben R. Miller, Baton Rouge, La., for plaintiff and for defendants in counterclaim.

Simon & Trice, J. Minos Simon, Lafayette, La., for defendant Howard P. LaBauve.

PUTNAM, District Judge.

On the trial of motion for a preliminary injunction in this cause, after notice and hearing as provided for in Rule 65(a), the Court finds from the evidence as follows:

1. Brown and Root, Inc., plaintiff contracted with Colonial Pipe Line Company for laying out a pipeline right of way for the transportation of petroleum products from Louisiana to Texas. Plaintiff is a corporation organized under the laws of Texas.

2. Defendant, Howard LaBauve, is a resident of Louisiana, and was employed by plaintiff as a right of way agent in the course of its operations in the State of Louisiana.

3. Defendant was employed because of his knowledge, training and experience in right of way acquisition, to search conveyance records, determine surface ownership, report such title information to his employer in advance of the actual survey along the proposed route, and to purchase servitudes or easements from landowners after final determination of the pipe line route on the ground.

4. Employment as above described was solicited by defendant through Mr. Jack Simmons, an employee of Colonial, actual employment being made by plaintiff as contractor for the work on or about April 16, 1962, at a salary of $600.-00 per month, plus expenses.

5. Pursuant to such employment, Brown and Root furnished defendant with maps of the parishes of St. Landry and Acadia, showing the general route proposed to be followed, and in May, 1962, instructed him to make title searches and determine ownerships along the route, prior to actual survey.

6. Based in part upon information submitted by defendant pursuant to his employment, actual location of the line was surveyed and staked, at least one change in the original proposed route was made at defendant's recommendation, and purchase of right of way was commenced.

7. By virtue of his employment, defendant was given and had access to full details of plaintiff's operations, including terms of proposed servitudes, prices to be paid, location of the route, ownership of the lands and related matters resulting from his work and study of the public records in connection with the project, and a knowledge of the terms of the contract between Brown and Root and Colonial.

8. Such information could be obtained by anyone interested sufficiently to conduct a detailed study of all maps filed with the police juries of the respective parishes involved, questioning of landowners, study of survey stakes and examination of ownership maps of the pipeline route, coupled with a study of the conveyance records of such parishes, but not without considerable investment of time and money.

9. Defendant wrote a letter of resignation to Brown & Root on Friday, June 22, 1962, and thereafter on Saturday, Sunday and Monday following and until July 6, 1962, began contacting landowners along the pipeline route and purchasing rights of way, options for rights of way, and attempting to do so, for his individual account, although his resignation was not communicated to his employer until Monday, June 25, 1962.

10. Defendant's avowed purpose in so doing was to attempt to sell such contracts to his employer's principal, Colonial Pipe Line Company, at a profit to himself, and to induce Colonial to deal with him rather than with his employer, Brown & Root, Inc.

11. Defendant met with representatives of Colonial for these purposes.

12. The only possible purchaser for such rights of way was Colonial.

13. Brown & Root has suffered and will continue to suffer irreparable injury by virtue of these activities, in that they have caused and if continued will cause delay in completion of the pipeline contract, confusion among landowners along the right of way, possible litigation over conflicting servitudes and easements, and, generally, will render acquisition of the right of way and performance of plaintiff's contract with Colonial more difficult. Obviously, the remedy at law for such harrassment is inadequate.

## CONCLUSIONS

The Court has stated its conclusions orally at the time of the hearing, and will not enlarge upon them to any great extent at this time. Suffice it to say that in my opinion LSA:R.S. 23:921, Jones v. Ernst, 172 La. 406, 134 So. 375; Cavanah v. Ebert, 157 La. 103, 102 So. 84; Baton Rouge Cigarette Service, Inc. v. Bloomenstiel, La.App., 88 So.2d 742, have no application here. Defendant is not prohibited from engaging in business as an independent contractor for procuring pipeline servitudes or rights of way, or from competing with Brown & Root or anyone else in this business.

Having been employed by plaintiff as a right of way agent over a period of two or three months, and having a peculiar knowledge, training and experience in this field, defendant undertook to study the pipeline route, the public records pertinent thereto and land ownership along the route proposed by Colonial, and in so doing obtained an intimate knowledge of the project which he would not have ordinarily had. A fiduciary or trust relationship existed between him and plaintiff, a relation of mutual confidence, he being obliged for his part to work in the interest of plaintiff to the ultimate end of fulfilling its contract with Colonial.

To permit defendant to now capitalize on the information and knowledge he has gained while in the employ of plaintiff at a time when the end product of his employment comes into fruition, is repugnant to the nature of the engagement entered into by him with his employer. The fiduciary relationship continues even after termination of the employment, in much the same manner as does the relationship between attorney and client, doctor and patient, agent and principal.

See Trice v. Comstock, 8 Cir., 121 F. 620, 61 L.R.A. 176; Connelly v. Special Road & Bridge Dist., 99 Fla. 456, 126 So. 794, 71 A.L.R. 923; Essex Trust Co. v. Enwright, 214 Mass. 507, 102 N.E. 441, 47 L.R.A.,N.S., 567; Robinson v. Commercial Cattle Company, La.App., 82 So.2d 108; Annotation 100 A.L.R. 684; Am.Jur., Master & Servant, Vol. 35 p. 516 § 86. It is a matter of loyalty and good faith, coupled with the confidential nature of the knowledge and information assembled by defendant at plaintiff's expense concerning the entire project which now requires him to desist in his efforts to thwart the purposes of his former employer.

The parties did not agree that the matter could be disposed of as on the merits of the application for permanent injunction; consequently, a preliminary injunction only will issue as ordered by the Court at the conclusion of this hearing.