154 So.2d 528 (1963)
MARINE FORWARDING & SHIPPING CO., Inc.
v.
Albert B. BARONE.
No. 1098.
Court of Appeal of Louisiana, Fourth Circuit.
June 4, 1963.
Rehearing Denied July 1, 1963.
*529 Henican, James & Cleveland, C. Ellis Henican and C. Ellis Henican, Jr., New Orleans, for plaintiff and appellant.
Casey, Babin & Casey, Joseph S. Casey, New Orleans, for defendant and appellee.
McBRIDE, Judge.
Plaintiff sues for an injunction. Defendant, Albert B. Barone, had been the manager, president, and a member of the board of directors of plaintiff corporation, and owns 28 of the 95 shares of its outstanding capital stock. On January 14, 1963, defendant verbally announced to the vice president, who owns the other 67 shares of the capital stock, that he intended to resign. By letter of January 15, 1963, defendant resigned "from the Marine Forwarding & Shipping Co., Inc." effective January 31, 1963. Subsequently defendant accelerated the effective date of the resignation to January 22, 1963.
The resignation was not accepted.
On February 1, 1963, defendant commenced doing business as a freight forwarder in direct competition with plaintiff and that fact gives rise to this suit. Plaintiff seeks to enjoin defendant from operating a competing business and from doing any business whatever with any of plaintiff's customers. The petition alleges that certain actions of defendant (not necessary to be enumerated here) constitute a violation of his fiduciary relationship with the corporation which has been irreparably damaged. Plaintiff then advances the conclusion of law that it is entitled to the injunction.
Defendant by answer interposed a general denial of plaintiff's allegations. The injunction was denied and plaintiff appealed.

On Motion to Dismiss
Appellee moves to dismiss the appeal on the ground that as plaintiff corporation is now undergoing a voluntary liquidation and is in the process thereof, it is incapable of standing in judgment. There is no merit at all to the motion and it is denied. Corporate existence continues until the certificate of dissolution is issued by the Secretary of State. Moreover, a voluntary dissolution may be revoked. LSA-R.S. 12:62, subd. D.

On the Merits
Defendant had been a director and the president of plaintiff corporation since late summer of 1957, and Mrs. Schofield, who owned a majority of the capital stock, had been a director and vice president. She received a salary of $350 per month for serving as stenographer. The evidence points up that no other director of the corporation, including Mrs. Schofield, was qualified to carry on the business of freight forwarder and that defendant admits he had been the "principal moving force" in the operation of the corporate business.
Counsel for appellant point out that defendant secured a federal license to engage in business as a freight forwarder and rented an office for the conducting of such business even before he severed connections with plaintiff. It is argued that he set out with sureness, stealth, unerring skill, adroitness and speed to deliver the corporation a mortal blow which was accomplished; that he abandoned the corporation; that he approached a valuable employee whom he persuaded to leave plaintiff and work for him; that he began soliciting plaintiff's customers on the very day he left and was successful in acquiring a majority of them. All of that may be perfectly true, but even if it is, defendant is not guilty of violating any fiduciary relationship with plaintiff nor has he violated any contractual obligation he owed plaintiff. His actions were not reprobated by any law we know of.
Counsel for appellant for success rely almost entirely on certain provisions of the *530 Louisiana Business Corporation Act (LSA-R.S. 12:36) to the effect that officers and directors stand in a fiduciary relationship to the corporation. That in view of this, they say, defendant was bound to faithfully administer the corporate interest and could not lawfully have served or acquired any private interest of his own in opposition to it, and having failed in that respect, he may be enjoined from carrying on the competing enterprise. Nowhere is it provided in the business corporation act, or any other law of which we have knowledge, that the fiduciary relationship between an officer or director of a corporation continues after the officer or director severs his connections with the corporation.
The public policy of Louisiana is that an employee cannot contract not to engage in a competing business for himself or as the employee of another upon the termination of his employment. LSA-R.S. 23:921. The language of this section is broad enough to embrace an officer or director of a corporation.
The business corporation act contemplates that a director of a corporation may resign, for it is provided in LSA-R.S. 12:34, subd. C(1) that the office of a director shall become vacant if he dies or resigns.
In 19 C.J.S. Corporations § 736 p. 69, we find the following language:
"As a general rule, an officer or director of a private corporation has the right to resign his office. Provisions in statutes, charters, or by-laws that the officer or director shall serve for a prescribed term and until his successor is chosen do not preclude him from resigning during the term, or thereafter while he is holding over, nor, except in some jurisdictions, do they operate to continue him in office, notwithstanding his resignation, until his successor is chosen."
In the same volume at page 161 this language appears:
"* * * Certainly, he owes no duty to the corporation not to engage in a similar business after he has severed his connection with the corporation. * * *"
The above declaration of public policy by our Legislature against restrictions on the spirit of free labor was held applicable to a contract of partnership (Cust v. Item Co., Limited, 200 La. 515, 8 So.2d 361), to the rules and regulations of a pilots' association (Nelson v. Associated Branch Pilots of Port of Lake Charles, La.App., 63 So.2d 437), and to a contract of employment (Baton Rouge Cigarette Service, Inc. v. Bloomenstiel, La.App., 88 So.2d 742).
In Jones v. Ernst & Ernst, 172 La. 406, 134 So. 375, plaintiff, a former employee, sued defendant for the balance due for salary and a bonus, and defendant, in resisting the suit, claimed plaintiff by his disloyal acts had forfeited claim thereto. The Supreme Court said:
"The employees who left defendant to engage in business with plaintiff were employed by defendant on a monthly basis only. We know of no law, and have been referred to none, which prohibited them at the end of any monthly period from leaving defendant's employ. On the contrary, we think that in consonance with the spirit of free labor they ought to be maintained in their right to do so. Certainly no action lies against plaintiff merely because he chose to employ them after they had left defendant's service. And this is so, even though plaintiff and defendant's former employees during their term of employment planned to engage in a competing business at the expiration thereof. Every person has the right to better his condition if he can lawfully do so. * * *"
The spirit of free labor rule applies to a corporate director as well as to employees. The late Court of Appeal for the Parish of Orleans in State ex rel. Wm. V. *531 Seeber v. Pheonix Bldg. & Homestead Ass'n., No. 7374 of its docket (opinion unreported), tersely said:
"We take it as elementary that since the adoption of the Thirteenth Amendment to the Constitution of the United States, no person within their jurisdiction can be compelled to render involuntary personal service of any kind except as a punishment for crime.
"It is therefore clear that a person who chooses to resign or lay down an office of any kind cannot be compelled to keep it by any refusal of some other person to accept his resignation thereof; and we shall therefore waste no time on that phase of the case."
The judgment appealed from is affirmed.
Affirmed.