229 So.2d 419 (1969)
MARCANN OUTDOOR, INC., Plaintiff-Appellee,
v.
Joseph E. JOHNSTON, Defendant-Appellant.
No. 2756.
Court of Appeal of Louisiana, Third Circuit.
August 7, 1969.
Rehearing Denied January 7, 1970.
*420 Phillips, Risinger & Kennedy, by Frank S. Kennedy, Shreveport, for defendant-appellant.
Harris, Larkin & Medlock, by Paul E. Harris, Houston, Tex. and W. Ellis Bond, Lake Charles, for plaintiff-appellee.
Before TATE, FRUGE, and CULPEPPER, JJ.
TATE, Judge.
The defendant Johnston appeals from a permanent injunction. The judgment prohibits him from using or disclosing secret formulae or processes which he had sold to the plaintiff Marcann.
The chief issue concerns the scope of the injunction granted. Johnston contends that its scope unduly restricts his employment opportunities and his use of non-secret formulae and processes already in the public domain.
The defendant Johnston developed unique formulae or processes for photographic emulsion. By them, a proof of a proposed four-color advertising end-product can be made quickly and on a small scale, so as to depict exactly the final billboard print or other advertising product planned. The evidence indicates this is a valuable trade-secret property.
On March 10, 1957, Johnston executed a contract with Marcann, a commercial advertising firm. By it, in return for Marcann's agreement to pay certain royalties and other consideration, Johnston irrevocably granted to Maracann the exclusive right to the processes developed by him, including complete rights to market or re-sell them. By the agreement, Johnston also sold to Marcann "future developments" of the processes. The evidence reflects no substantial disagreement as to the processes or formulae sold.
Marcann invested considerable funds in perfecting the process. In addition to royalties paid him, Johnston was also employed by Marcann at a substantial salary until June, 1965. At this time, as a result of disagreements between the parties, Johnston terminated his employment and, very shortly thereafter, sought employment with one of Marcann's principal competitors.
There is little question but that Marcann is entitled to injunctive relief to protect the valuable trade-secret industrial property purchased by it. Cf., Pennington v. Drews, 212 La. 544, 33 So.2d 63. See Barranger, Industrial Trade Secrecy in Louisiana, 43 Tul.L.Rev. 775 (1969). Further, Johnston's threats implying disclosure, his conduct hampering Marcann's exploitation of the product, and the contacts he sought with Marcann's competitor and its potential licensees justify the issuance of an injunction in this case.
The main issue, therefore, concerns the scope of the injunction.
*421 The terms of the injunction are set forth in full as Appendix "A" to this opinion. In summary, they enjoin Johnston, either directly or indirectly through others, from using or disclosing the formulae and processes sold to Marcann, or any equivalents or variations or improvements of them, or from doing any other act in derogation of Marcann's exclusive enjoyment of rights under its contract of March 10, 1967 with Johnston. The formulae and processes protected are identified by specific reference to certain exhibits on file in the record of this suit.[1]
The substance of Johnston's complaints as to the scope of the injunction are: That its terms are so broad as to prohibit Johnston from using formulae already in the public domain, including those in published works; that it so restricts Johnston that he cannot work for a Marcann competitor; that it should be limited so as only to restrict Johnston from the use or disclosure of the one chemical which is the key to the formula, or so as to specify what items only Johnston was not to use or disclose.
We were at first given concern by the broadness of the injunction's prohibition against Johnston making or using any "improvements" of the processes sold. However, we are cited to no authority which invalidates his sale to Marcann of "future developments" of the process. Thus, Marcann is entitled to protection of its exclusive right to improvements of the basic process made by Johnston.
The process was achieved by years of trial-and-error experimentation by Johnston. The evidence does not show that any single ingredient in the process is, alone, responsible for its success, but rather the cumulation of steps and approaches represented by Johnston's years of experimentation and his laboratory notes.
The injunction specifies certain exhibits (descriptive memoranda, Johnston's laboratory notes, a chart, Johnston's deposition, a patent application, etc.) as representing the formulae or processes sold, which are made subject to injunctive protection. In the absence of specific complaint as to any particular exhibit or exhibits, we are unable to hold that the scope of the injunction does other than protect the trade secret, the formulae and processes so identified, which were purchased by Marcann from Johnston, as our examination indicates these exhibits represent the processes sold and further developments of them.
As we construe the injunction issued by the trial court, it prohibits Johnston only from acts in derogation of Marcann's exclusive rights to the processes or formulae or developments of them, which were sold by Johnston to Marcann. It specifically does not enjoin him from engaging in any other work in the graphic arts field, and we do not read into the terms of the injunction any prohibition against Johnston working with formulae or processes not developed from those sold by him to Marcann.
Thus, for instance, the injunction does not prohibit Johnston from developing other formulae or other processes for similar work (i.e., not developed from those sold by him to Marcann) nor does it prohibit him from using formulae in his work which are already known to the public and are in the public domain. If he does engage in similar work, it will in subsequent litigation be a question of fact whether the formulae or processes used are within the scope of the injunction; but we see no *422 practical way to further limit the terms of the injunction without depriving the plaintiff Marcann of injunctive protection of the formulae and processes bought by it.
We therefore do not find merit to Johnston's assignments of error as to the trial court injunction. Accordingly, we affirm the judgment complained of, at the cost of the defendant-appellant.
Affirmed.

APPENDIX A
The judgment of the trial court "* * * ORDERED, ADJUDGED AND DECREED that a permanent injunction issue herein, directed to defendant, JOSEPH E. JOHNSTON, restraining and prohibiting said defendant, his agents, servants, employees, attorneys, or any person, firm or corporation, acting for and on behalf of or in concert with defendant, from making, using, selling or disclosing all or any portion of the formulae and processes at issue herein including those formulae and processes disclosed in certain Exhibits on file in this cause, identified as plaintiff's Exhibits 11, 12, 13, 18, 19, 20, 21, 23, 24, 25, 26, 27, 31, 32, 33, and defendant's Exhibit 1, and any equivalents, variations, modifications, or improvements thereof, or any information relating thereto; or from communicating in any way either directly or indirectly with any past, present or future licensee or prospective licensee of plaintiff in connection with the use of said formulae, processes and/or procedures, or any information relating thereto and from doing any other act or thing in derogation of or in any way inconsistent with plaintiff's exclusive enjoyment and exploitation of plaintiff's rights under the written agreement, copy of which is attached herewith as Exhibit `A'; defendant may engage in any other work in the graphic arts field."

On Application for Rehearing.
En Banc. Rehearing denied.
NOTES
[1] In order to protect the secrecy of the processes involved all proceedings in the trial and appellate courts were held in camera, and the trial court entered an order, affirmed here, that the record be sealed and subject to access only by court order. See Barranger, Industrial Trade Secrecy in Louisiana, 43 Tul.L.Rev. 775, 779, 785-86 (1969). See La. CCP Art. 1631; cf., LSA-CCP Art. 1452.