306 So.2d 361 (1975)
GULF TOY HOUSE, INC., Plaintiff-Appellant,
v.
Horace P. BERTRAND et al., Defendants-Appellees.
No. 4814.
Court of Appeal of Louisiana, Third Circuit.
January 15, 1975.
Rehearing Denied February 5, 1975.
*363 Pugh, Buatt, Landry & Pugh, by Wayland H. Vincent, Crowley, for plaintiff-appellant.
Edwards, Stefanski & Barousse by James M. Cunningham, III, Crowley, for defendant-appellee.
Before FRUGÉ, DOMENGEAUX and WATSON, JJ.
FRUGÉ, Judge.
Plaintiff, Gulf Toy House, Inc., has appealed from the denial of a preliminary injunction. The plaintiff Gulf is a wholesale toy distributor doing business in Louisiana. The defendants are all former employees of Gulf who now work for a competitor of Gulf's, Woodie's Toys of Lufkin, Texas. Gulf sued to enjoin the defendants from competing with Gulf on the basis of a non-competition agreement. Gulf further alleged that they are entitled to the injunction because the defendants are using secret information gained during their employment with Gulf. The trial court denied issuance of a preliminary injunction and we affirm.
The defendants in this action are Horace P. Bertrand, Douglas Richard and Samson Sessions. Defendants Bertrand and Richard were employed by Gulf primarily as service representatives. Their job entailed calling on Gulf's customers at given intervals and supplying display racks stocked with Gulf's products. They made daily reports to Gulf on their employment activities. Sessions was employed as a sales supervisor and oversaw the work done by Bertrand, Richard and another Gulf Employee. Sessions also met with Gulf customers in order to present new products and to determine if service was satisfactory.
When they were hired by Gulf, the defendants-appellees were given route books containing the names and addresses of Gulf's customers. As supervisor, Sessions was given names and locations of all of Gulf's Louisiana customers. Bertrand and Richard were given names and locations in their geographical area.
During the course of their employment with Gulf each of the defendants signed a non-competition agreement which provided that defendants would not "travel, canvass, or advertise for, or otherwise assist anyone engaged in ... any line of business carried on ... by [Gulf]...." This agreement not to compete was for a period of three years upon termination of employment. Additionally, the defendants agreed not to give out any trade secrets of Gulf or other secret information. The agreement specified customer and supplier lists as secret information.
On March 14, 1974, Bertrand and Richard terminated their employment with Gulf. Sessions' employment had ceased earlier. That same day all three commenced *364 employment with Woodie's Toys of Lufkin, Texas, which is a competitor of Gulf Toy House, Inc. On March 15, the defendant-appellees began soliciting Gulf customers on behalf of Woodie's Toys.
Within a few days Gulf obtained a temporary restraining order which enjoined defendants from competing with Gulf. The temporary restraining order was extended until April 22 when a hearing was held on the issuance of a preliminary injunction. At this hearing, the trial judge found that the plaintiff Gulf had failed to prove irreparable damages and denied the issuance of a preliminary injunction. It is from this judgment that plaintiff has appealed.
A preliminary injunction is a procedural device which is interlocutory in nature. Its purpose is to preserve a status pending final determination of an action. Unlike the permanent injunction, the preliminary injunction may be issued pursuant to a summary proceeding and may be based upon verified pleadings or affidavits, as well as upon ordinary proof, which present a prima facie case that irreparable injury may otherwise result. La.C.Civ.P. arts. 3601, 3602, 3609; Schwegmann Bros. G. S. Mkts. v. Louisiana Milk Com'n., 290 So.2d 312 (La.1974); Employers Overload Co. v. Employers Overload Co., N. O., 266 So.2d 546 (La.App. 4th Cir. 1972); Cloud v. Dyess, 172 So.2d 528 (La.App. 3rd Cir. 1965).
In Schwegmann Bros., supra, the Supreme Court noted that "[t]he issuance of a preliminary injunction addresses itself to the sound discretion of the trial court, although that discretion is reviewable if erroneously exercised." 290 So.2d at 316.
The trial court held that Gulf had not shown that it would suffer irreparable injury because the plaintiff had not established that the non-competition agreement was enforceable under Louisiana R.S. 23:921. That statute provides as follows:
"No employer shall require or direct any employee to enter into any contract whereby the employee agrees not to engage in any competing business for himself, or as the employee of another, upon the termination of his contract of employment with such employer, and all such contracts, or provisions thereof containing such agreement shall be null and unenforceable in any court, provided that in those cases where the employer incurs an expense in the training of the employee or incurs an expense in the advertisement of the business that the employer is engaged in, then in that event it shall be permissible for the employer and employee to enter into a voluntary contract and agreement whereby the employee is permitted to agree and bind himself that at the termination of his or her employment that said employee will not enter into the same business that employer is engaged over the same route or in the same territory for a period of two years."
On appeal plaintiff Gulf contends that its non-competition agreement with the defendants in enforceable under the exceptions allowed by R.S. 23:921. Gulf further contends that even if the non-competition agreement is unenforceable, it is entitled to the injunction to prevent the defendants from using Gulf's secret customer lists on behalf of its competitor Woodie's.
Recently in Orkin Exterminating Co. v. Foti, 302 So.2d 593 (La.1974), decided October 28, 1974, the Supreme Court approved this circuit's interpretation of La.R.S. 23:921. Since the decision of National Motor Club of Louisiana v. Conque, 173 So.2d 238 (La.App. 3rd Cir. 1965), this circuit has construed the exception allowed to the unenforceability of non-competition employment contracts as requiring the investment of substantial sums in the training or advertising of the employee. These decisions hold that normal expenses of administration and supervision are not considered the sort of training *365 expense which justify a non-competition agreement. As stated in Conque, supra, the non-competition agreement is enforceable "only where [the employer] has invested substantial funds in special training of the employee or in advertising the employee's connection with his business." 173 So.2d at 241. This language was quoted approvingly in Orkin v. Foti by the Supreme Court. See 302 So.2d 593. See also, Louisiana Office Systems, Inc. v. Boudreaux, 298 So.2d 341 (La.App. 3rd Cir. 1974); Peltier v. Hebert, 245 So.2d 511 (La.App. 3rd Cir. 1971).
Since this case is before us on the denial of a preliminary injunction, we are concerned only with whether the trial court was erroneous in determining that plaintiff had not established a prima facie case. Gulf alleges that it expended a total of $16,575 in training and advertising these employees and that the agreement is enforceable.
The trial court concluded that "very little or no evidence was brought out proving that money was spent on training or advertisement." Under Orkin v. Foti and the jurisprudence of this circuit, we agree. The expenses must be special and substantial. Most of the expenses alleged by plaintiff appear to be nothing other than normal supervisory and administrative expenses. $8,000 of the plaintiff's claimed $16,000 expenditures were for yearly supervision. This is not a special expense but is rather a normal supervisory expense.
Gulf paid $250 for a membership for Sessions in the Louisiana Retail Grocery Association and $200 for him to attend trade shows and $900 for booths at these trade shows. Gulf contends that this is advertisement of Sessions' connection with Gulf. However, the $900 expended for booths at the trade shows appears to have been for advertisement of Gulf itself rather than advertisement of Sessions' connection with Gulf. Gulf also contends that it expended $3,000 for initial and on-going training of Sessions. This expense appears to us to be part of the normal administrative and supervisory expenses which do not qualify as special expenses. They are much like the expenses alleged in Orkin v. Foti, supra, which were found to be normal rather than special expenses. This leaves only $450 of alleged advertising expenses to link Sessions' connection with Gulf. In view of Sessions' long employment with Gulf, this expense is not substantial.
As to Richard and Bertrand, Gulf alleges a substantial expenditure for introduction to the kit-marketing system and six weeks supervision. Gulf does not break down how much of this expense was for supervision and how much was for introduction to the marketing system. Any expense for six weeks supervision would be normal supervisory expense. Furthermore, defendants both denied any training with regard to a "kit-marketing system." Plaintiff has made no showing that defendants were sent to a school to learn the system or that the system involved anything more than normal sales technique learned on the job. Plaintiff also alleges expenses of $350 for Bertrand and $10 for Richard for sales training and product information seminars held in Houston. We do not think these expenditures are substantial.
Finally, plaintiff alleges $2,550 in advertising expenditures for Richard and $3,515 for Bertrand. These expenditures are for the following items: (1) booths at trade shows; (2) truck with Gulf's name printed on its side; (3) telephone calls to identify defendants with plaintiff; (4) billing invoices with Gulf's name printed on them used by defendants. It appears to us that all of these expenditures advertised Gulf and not the defendants' connection with Gulf, as is required under Orkin v. Foti and Conque, supra.
We conclude that plaintiff's affidavits and evidence are not sufficient to establish the enforceability of the non-competition agreement, and that the trial court *366 did not abuse his discretion in denying a preliminary injunction on this basis.
Plaintiff also alleges that it is entitled to the preliminary injunction because defendants are using secret information of Gulf's to systematically ruin plaintiff's business in South Louisiana. Relying on Marcann Outdoor, Inc. v. Johnston, 229 So.2d 419 (La.App. 3rd Cir. 1970), Brown & Root, Inc. v. LaBauve, 219 F.Supp. 179 (W.D.La.1962), and Delta Finance Company of Louisiana v. Graves, 180 So.2d 85 (La.App. 2nd Cir. 1965), plaintiff urges that a highly injurious disclosure of particular information involving customer names, locations and route procedures is not permissible where such information was obtained by virtue of the agency relationship. Plaintiff further contends that defendants' agreement not to disclose customer addresses and route information is binding.
In Servisco v. Morreale, 312 F.Supp. 103 (E.D.La.1970), the court noted:
"Louisiana courts have refused to issue an injunction against solicitation of customers of a former employer where the ex-employee did not use a secret list and merely relied on memory."
See: Baton Rouge Cigarette Service v. Bloomenstiel, 88 So.2d 742 (La.App. 1st Cir. 1956); Marine Forwarding & Shipping Co. v. Barone, 154 So.2d 528 (La.App. 4th Cir. 1963); Theatre Time Clock, Inc. v. Stewart, 276 F.Supp. 593 (E.D.La.1967).
In Servisco there was a specific agreement not to solicit former customers. The court concluded:
"To forbid any solicitation of any of Servisco's former customers would be in effect to prevent Morreale from engaging in business in this geographic area."
In the case before us the defendants had turned in their customer lists to Gulf. They were acting solely from memory. Furthermore, the names and addresses of potential retail outlets for the toys distributed by the defendants are easily ascertainable and are generally available to the public. To prevent the defendants from soliciting Gulf customers would have the effect of preventing defendants from engaging in business in the South Louisiana area. Through this roundabout means, the non-competition agreement would, in effect, be enforced.
The cases of Brown & Root and Marcann, supra, are distinguished. In Brown & Root the defendant worked for the plaintiff for only three months. During this period he gained information about where a pipeline was to be built. He then quit and attempted to buy up land along the route. Unlike in the case before us, the plaintiff was using information which was confidential and otherwise inaccessible for personal gain. His short length of employment was an indication that his sole purpose in gaining the employment was to gain access to the confidential information. In the case before us the information as to retailers was not confidential. Furthermore, all of the defendants were longtime employees of Gulf.
In Marcann the defendant stole a formula which he had sold to his employer and was now attempting to sell it to someone else. The case clearly dealt with secret and confidential information of a type not found in this case.
In Delta Finance Company of Louisiana v. Graves, 180 So.2d 85 (La.App. 2nd Cir. 1965), the court upheld an employment contract provision which prevented the former employee from soliciting customers of the former employer. The court was of the opinion that the provision was not governed by La.R.S. 23:921 and was enforceable. In the case before us there is no provision against solicitation in Gulf's contract with defendants, but Gulf maintains that the injunction should be granted to prevent solicitation of its customers because its customer lists are secret information. As we stated above, defendants are entitled to rely on their memory. To deny *367 them access to Gulf's customers would deny them this right and would be a partial enforcement of the non-competition agreement which we have declared void.
We think there was no abuse in the discretion exercised by the trial court in denying plaintiff a preliminary injunction. The judgment of the trial court is therefore affirmed. Costs of this appeal are taxed to appellant.
Affirmed.
DOMENGEAUX, J., concurs in the result.