DOUCET, Judge.
The plaintiffs, Huey T. Littleton Claims Service, Inc. and Huey T. Littleton, individually, filed this suit against John P. McGuf-fee, a former employee of Littleton, seeking declaratory judgment, injunctive relief and damages under the Louisiana Unfair Trade Practices and Consumer Protection Law, La.R.S. 51:1401.
On July 12, 1985, a hearing was held and on July 16, 1985, judgment was rendered declaring McGuffee to be in violation of R.S. 51:1401, et seq. and granting a permanent injunction.
McGuffee appealed that judgment to this court. The judgment was affirmed in the case entitled Huey T. Littleton Claims Service v. McGuffee, 497 So.2d 790 (La. App. 3rd Cir.1986).
On September 14, 1987, defendant John McGuffee, filed a Motion for Summary Judgment and Exception of Res Judicata claiming that the hearing on the injunction had resulted in a final judgment and as a result, Littleton could no longer bring a claim for damages. The trial court denied the motions on September 28,1987. Defendant informed the court of his intention to apply for writs of review to this court. On October 2, 1987, plaintiffs filed a motion for a directed verdict with regard to liability and a Motion in Limine to limit the trial to the issue of damages. Defendant filed a *755 Motion to Annul the trial court’s judgment rendered July 16, 1985. The trial court denied the Motion to Annul and ruled to limit the trial to damages stating that the questions of breach of fiduciary duty and violation of the Unfair Trade Practices Act had been decided in its July 16, 1985 judgment and upheld by this court in its opinion on the appeal from that judgment. Therefore, the trial court ruled that its finding of liability in the July 16, 1985 judgment was the law of the case. Defendant again informed the trial court of his intention to apply to this court for writs. An application for writs of review of this ruling as well as of the denial of the exception of Res Judicata was filed on October 2, 1987. This court denied the application for writs stating that there was no error in the rulings of the trial court.
A trial by jury was held as to damages. The jury found that: 1) Huey T. Littleton Claims Service, Inc. was entitled to damages in the amount of $162,265.84 as a result of McGuffee’s actions; 2) Huey T. Littleton Claims Service, Inc. did not pay McGuffee all amounts owed to him within three days of his resignation; 3) Huey T. Littleton Claims Service, Inc. did not act unreasonably in failing to pay McGuffee within three days after his resignation; and 4) Huey T. Littleton Claims Service, Inc. owed $428.00 to McGuffee for wages and/or commissions.
On December 23, 1987, judgment was entered as laid out in the jury verdict. Additionally, the trial court awarded $50,-000 in attorney’s fees to be paid by McGuf-fee to Huey T. Littleton Claims Services, Inc. and ordered defendant to pay all costs. On January 21, 1988, McGuffee moved for remittitur and alternatively for a new trial. The court denied the motions. McGuffee now appeals the trial court’s final judgment and the denial of its motion for new trial urging the following nine assignments of error:
1.
The trial court erred in issuing a declaratory judgment and granting declaratory relief at a summary proceding on a preliminary injunction.
2.
The trial court erred in advising counsel within 48 hours prior to trial, that the issue of liability and violation of the Louisiana Unfair Trade Practices and Consumer Protection Law would be decided by the jury and then directing a verdict as to appellant’s liability in the middle of the trial.
3.
The trial court erred in finding a violation of the Unfair Trade Practices and Consumer Protection Law.
4.
The trial court erred in denying appellant’s exception of Res Judicata, or, alternatively, his motion for summary judgment.
5.
The trial court erred in denying appellant’s motion for a remittitur.
6.
The trial court erred in denying appellant’s right to trial by jury on the issue of liability.
7.
The trial court erred in awarding judgment against appellant without affording him the opportunity for a hearing, thereby violating appellant’s 14th amendment right to due process.
8.
The trial court erred in awarding attorney’s fees in the amount of Fifty Thousand and no/100 ($50,000.00) Dollars to plaintiff-appellee.
9.
The trial court erred in applying the Unfair Trade Practices and Consumer Protection Law to petitioner’s claims. Littleton answered urging three assignments of error.
Defendant-appellee’s assignments of error numbers 1, 3, 6, and 7 are simply a rehash of matters which were previously decided by this court in the earlier appeal of this matter, or which should have been raised at that time. Those issues which could have been but were not raised in the original appeal are considered abandoned and may not be raised in a later appeal. Numbers 2, 4, and 9 were dealt with by this *756 court in its denial of defendant—appellee’s application for writs. The earlier judgments on these issues have become final and constitute the law of the case. As such these matters are foreclosed and cannot be called into question by the parties. La.C.C.P. arts. 1841 and 1842; Keller v. Thompson, 134 So.2d 395 (La.App. 3rd Cir.1961); Petition of the Sewerage & Water Board of New Orleans, 278 So.2d 81 (La.1973); Odell Vinson Oil Field Contractors v. El Dorado Gas, 429 So.2d 561 (La.App. 3rd Cir.1983); Lowe v. Rivers, 445 So.2d 105 (La.App. 2nd Cir.1984); Freeman v. Insurance Company of North America, 444 So.2d 793 (La.App. 3rd Cir.1984). Therefore, these assignments of error have no merit.
REMITTITUR
By his fifth assignment of error, appellant complains of the trial court’s refusal to grant a remittitur or a new trial. He states that the trial court was in error first in that no evidence was presented to support the jury award. Our reading of the trial court record convinces us that sufficient evidence exists to support the trial court’s award of damages. Therefore, the trial judge did not abuse his discretion in refusing to grant remittitur or new trial. This court will not disturb the trial court’s factual finding absent manifest error. Canter v. Koehring Co., 283 So.2d 716 (La.1973).
Appellant further contends that a remittitur or new trial should have been granted because the issuance of the injunction precludes an award of damages. The Louisiana Unfair Trade Practices and Consumer Protection Law provides in La.R.S. 51:1408 that:
“§ 1408. Additional relief
The court may issue such additional orders or render judgments against any party, as may be necessary to compensate any aggrieved person for any property, movable or immovable, corporeal or incorporeal, which may have been acquired from such person by means of any method, act or practice declared unlawful by R.S. 51:1405, whichever may be applicable to that party under R.S. 51:1418.”
Under this provision the trial court was justified in rendering the additional relief in the form of an award of damages.
Finally, appellant argues that the trial court’s judgment effectively imposes a non-competition agreement on him. This court finds nothing in the judgment to prevent appellant from conducting business in competition with appellee. As a result this assignment of error is without merit.
ATTORNEY’S FEES
By his eighth assignment of error appellant argues that an excessive attorney’s fee was awarded by the trial court. An aggrieved plaintiff is entitled to an award of attorney’s fees under the Louisiana Unfair Trade Practices and Consumer Protection Law. While the award of $50,-000 in attorney’s fees in this matter is high, we do not find it to be excessive in light of the circumstances and complexity of this case, and the repeated appellate review. However, we do find this award sufficient to cover the attorney’s fees necessitated by this appeal. Therefore, the appellees’ request for additional attorney’s fees on appeal is denied.
APPELLEE’S CROSS APPEAL
Appellees, Huey T. Littleton Claims Service, Inc. and Huey T. Littleton individually, have cross appealed assigning as error the trier of facts’ failure to award damages and attorney’s fees to Huey T. Littleton individually. This court’s review of the record convinces us that the trier of fact did not abuse its discretion by failing to make an award to Huey T. Littleton individually. Therefore, its finding on this point will not be disturbed. Canter v. Koehring, supra.
For the above and foregoing reasons, the trial court’s judgment is affirmed. Costs of this appeal are to be paid by the appellant, John McGuffee.
AFFIRMED.