SCHOTT, Judge.
This is an appeal by plaintiff, Jay M. LeBlang, from a judgment of the District Court affirming the decision of the Board of Review for the Office of Employment Security, disqualifying him from unemployment benefits. In this court, plaintiff raises the issues that he was denied due process because the notice from the Appeals Referee of the reason for his discharge was not adequate and that the findings of fact by the Referee, the Board of Review, and the District Court, are not supported by the record.
Plaintiff was employed as Executive Vice President of Edward Levy Metals, Inc., on April 1, 1979 and he was discharged on January 28, 1980. He applied for unemployment compensation benefits, alleging in his application that his job had been abolished. The employer responded to the notice of plaintiff’s claim with a letter in which it detailed its reasons for discharging plaintiff. These included plaintiff’s refusal to submit to a medical examination following his employment, his insubordination to executive personnel by directing foul language toward the president, abuse of his expense account, actively planning his own scrap metal business to compete with his employer while he was still on the job and attempting to enlist other executive personnel of the employer in this undertaking; and making a sale of some $100,000 of scrap metal in direct disobedience of the order of the company’s board chairman and senior official. After an initial agency determination that he was eligible for benefits the employer appealed and the case was heard before an Appeals Referee on May 13 and May 22, 1980. The referee disqualified him for benefits because of misconduct connected with his employment pursuant to LSA-R.S. 23:1601(2). In his decision the referee found that plaintiff’s misconduct consisted of failing to take the physical examination, directing vulgar language to the company’s president, disobeying the orders of the company’s board chairman by making the large sale without the chairman’s approval, making plans on company time to open a competitive business and discussing these plans with his fellow executive co-workers. Plaintiff next appealed to the Board of Review, and on July 11, 1980, the Board affirmed the referee’s decision. Plaintiff next appealed to the district court for judicial review.
The district court initially remanded the case to the Board of Review because its decision of July 11 had been made without the benefit of a transcript of the testimony taken before the referee. The order remanding the case specifically granted to the parties the right to take additional evidence. Upon receiving this order of remand the Board of Review requested another hearing before the Appeals referee. This was scheduled for June 8,1981, but on June 4, 1981, plaintiff’s attorney notified the Board of Review that he did not have any additional evidence and would submit the case on the evidence previously taken. The transcript of the testimony of the first hearing was filed and on September 17, the Board of Review reaffirmed the decision of the referee disqualifying plaintiff from benefits. The Board found that plaintiff had abused his expense account, actively attempted to set up a competitive business and solicited other employees to join in this venture while on the employer’s payroll, failed to take his physical examination, and disobeyed his superior’s direct order by proceeding with the large sale.
*912 The district court gave the following succinct reasons for judgment:
“This court finds that the Board complied with the law in reviewing the testimony and evidence which support the finding that Jay M. LeBlang was lawfully discharged for misconduct connected with employment within the meaning of La. R.S. 23:1601(2).
The facts show that petitioner demonstrated “misconduct” by disregarding standards of behavior which his employer had the right to expect of him. Dorsey v. Administrator La. Dept. of Employment Sec. App. [La.App.1977], 353 So.2d 363.”
Plaintiffs first argument is that he was deprived of procedural due process because of the inadequacy of the notice from the Appeals Referee. That notice contained the following as the grounds for disqualification:
“The claimant was discharged from employment because of indifference and/or bad attitude toward the employment. The discharge was for misconduct connected with the work.”
In Banks v. Administrator of Dept. of Employment, 393 So.2d 696 (La.1981) the court found that an employee was deprived of her rights to a fair hearing where the discharge contained in the notice of hearing by the Appeals Referee did not correspond with the reasons why the board upheld her dismissal and disqualification for benefits. We followed this case and reached the same conclusion as to inadequacy of notice in Beverly v. Sumrall, 408 So.2d 14 (La.App. 4th Cir.1981). Both of these cases may be distinguished on the ground that they involved notices from the appeals tribunal .setting forth acts of misconduct, which were different than the acts which were proved at the hearing and provided the referees with the bases to conclude that the employees were discharged for misconduct. In other words, the employees in the cited cases attended the hearings and prepared to defend against notices of charges which proved to be different than the charges which the referees found supported their dismissals. In the instant case, the notice may be vague or general but it is not in conflict with the acts of misconduct found to justify plaintiff’s termination. However, we do not decide the case on this ground.
By the time plaintiff attended the hearing before the referee May 13, 1980, and had the notice from the referee which he questions, he also had the benefit of the letter the employer had written to the agency on May 20 in which specific acts of misconduct were detailed. He attended the hearing with counsel who actively participated, examining and cross-examining all witnesses. At the conclusion of the second day of the hearings on May 22 plaintiff declined although given the opportunity to present further evidence in his behalf. After the case was remanded by the district court to the Board of Review the matter was sent by the Board back to the referee with instructions to permit plaintiff to introduce any evidence he wished to present. He declined to offer any additional evidence. Thus, plaintiff had an overabundance of due process in this case. He was not misled by the original notice from the referee and knew well in advance of each hearing exactly what charges were made against him. This portion of his argument clearly lacks merit.
Plaintiff’s other argument is that the evidence does not support the conclusions of the appeals referee, the Board of Review, and the district court that plaintiff was guilty of employment connected misconduct such as to warrant disqualification for benefits under R.S. 23:1601(2). There is evidence in the form of testimony which was apparently believed by the referee in contradiction to plaintiff’s testimony that he was insubordinate toward and disobedient to his superiors in the company, he abused his expense account, and he was engaged while on his employer’s payroll in actively planning to start a business of his own in competition with the employer. With respect to the findings of the referee, the Board and the district court, plaintiff points to some minor discrepancies such as the Board of Review’s finding that plaintiff used vulgarity toward the company’s Board *913 Chairman when in fact it was toward the company’s President, and the referee’s finding that plaintiff had made derogatory statements about the company’s Board Chairman where no evidence supported this finding. However, these minor discrepancies do not substantially detract from the evidence which supports the conclusions of the referee, the Board and the district court.
In reaching our conclusion, we are persuaded by the peculiar facts of this case. Plaintiff was employed as a top executive at an annual salary of $60,000 with the possibility of bonuses in addition. He was provided with a luxury automobile and a generous expense allowance. During the last two months of his employment he was actively planning to start his own business in competition with his employer and was trying to recruit one of his fellow executives for his new business. When he was caught he was fired. Even aside from the other acts of proven misconduct which have been discussed such disloyalty standing alone would seem to constitute misconduct under R.S. 23:1601(2) which disqualifies him from unemployment benefits.
Accordingly, the judgment is affirmed.
AFFIRMED.