**Philip J. DIRKSEN, Appellant,**

v.

**EMPLOYMENT APPEAL BOARD; Wellborn Industries, Ltd.; and Kelly Services, Inc., Appellees.**

**No. 90–1741.**

Supreme Court of Iowa.

Nov. 20, 1991.

Evelyn Ocheltree, Legal Services Corp. of Iowa, Mason City, for appellant.

William C. Whitten and Joe E. Smith, Employment Appeal Bd., Des Moines, for appellees.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and ANDREASEN, JJ.

HARRIS, Justice.

A worker who voluntarily quit his job was denied unemployment benefits. The denial was affirmed by the district court on judicial review. This appeal requires us to interpret a statute which provides that, under certain circumstances, persons who voluntarily quit can nevertheless draw benefits if they quit in order to accept other employment. We reverse and remand.

On July 27, 1989, Philip J. Dirksen, the applicant, voluntarily quit his job at Wellborn Industries, where he had been employed for more than a year. Dissatisfied with his job at Wellborn, Dirksen had been exploring other job opportunities through an employment agency.

When he quit at Wellborn, Dirksen said he was going to work for KZEV, a radio

station. A position at the station, beginning August 1, 1989, had been offered to Dirksen on July 21, a week before he quit at Wellborn.[1] On July 31, after he quit at Wellborn and before he was to begin his job with the radio station, Dirksen was offered a different position with Kelly Services, Inc. Because Dirksen preferred the job with Kelly Services, he took it rather than the job with the radio station. He went to work with Kelly August 1, 1989. He was discharged by Kelly on September 19, 1989.

I. Under Iowa Code section 96.5(1) individuals are disqualified from receiving unemployment benefits if they voluntarily quit their position. A voluntary quit occurs when a person leaves work "voluntarily without good cause attributable to the employer." An escape from the voluntary quit disqualification is provided when the agency finds:

> The individual left employment in good faith for the sole purpose of accepting other employment, which the individual did accept, and that the individual remained continuously in said new employment for not less than six weeks.

Iowa Code § 96.5(1)(a). Our review of this agency action is at law. *Porth v. Iowa Dep't of Job Serv.*, 372 N.W.2d 269, 272 (Iowa 1985).

II. We have no case deciding whether this escape provision requires that the new employment, when it is actually undertaken, has to be the same employment position contemplated at the time of the quit. The administrative law judge and district court on review thought it did. The district court cited Note, *The Iowa Employment Security Act*, 11 Drake L.Rev. 125, 133 (1962). According to this note, section 96.5(1)(a) requires that the employee leave "for the sole purpose of accepting better employment under a contract for hire existing between the claimant and the new employer at the time of separation." *Id.* (citing Comm'n Dec. 54C–1804 (Aug.

1954); Comm'n Dec. 54C–1830 (July 1954)). The district court properly noted that well after the article was published, the legislature removed the "better employment" requirement from the provision. 1975 Iowa Acts ch. 92, § 5. Since the 1975 amendment the first sentence of section 96.5(1)(a), as contrasted with a later sentence in the same statute, requires only that the employee leave for the sole purpose of accepting "other employment."

In *Ames v. Employment Appeal Board*, 439 N.W.2d 669 (Iowa 1989), we pointed out that the statute allows benefits in many instances notwithstanding a voluntary quit. We said: "These situations include voluntary leaving to seek better employment...." *Id.* at 674. Some support for Dirksen's position is also hinted in 345 Iowa Administrative Code 4.25(3) (1987), a remotely related provision, which provides that if "[t]he claimant left to *seek* other employment but did not secure employment," the agency will presume that the voluntary quit was without good cause attributable to the employer.

The conflicting interpretations urged by Dirksen and by the respondent are both plausible. The statute plainly can be read either way; it might or might not require the new employment position to be the one contemplated at the time of the quit. Under the circumstances we should be guided by the statute's purpose. We are told by the General Assembly that the purpose of the chapter is to prevent the spread of involuntary unemployment and "to lighten its burden which now so often falls with crushing force upon the unemployed worker and the worker's family. The achievement of social security requires protection against this greatest hazard of our economic life...." Iowa Code § 96.2.

We interpret chapter 96 liberally, in an effort to achieve this goal. *Community Lutheran School v. Iowa Dep't of Job Serv.*, 326 N.W.2d 286, 289 (Iowa 1982);

---

**1.** The administrative law judge found that Dirksen did not have a firm job offer at the radio station at the time of the quit. This challenged finding, affirmed two-to-one during the administrative appeal, was not addressed by the district court. The evidence is unanimous, and the point is not seriously controverted, that there was a pending offer of a job with the radio station at the time. Any finding to the contrary is not supported by substantial evidence.

*Smith v. Iowa Employment Sec. Comm'n,* 212 N.W.2d 471, 472–73 (Iowa 1973). We conclude that Dirksen was not disqualified from benefits. The case is reversed and remanded for judgment in accordance with this opinion.

REVERSED AND REMANDED.