QUINCE, Judge.
John H. Kohlhauff appeals an Unemployment Appeals Commission (UAC) order affirming the referee’s decision that he was terminated due to misconduct related to his employment. We affirm for the reasons below.
Kohlhauff was employed to supervise the mill shop and molding division of Fort Myers Lumber & Supply Company. Several months after Kohlhauff was hired, the employer began receiving reports from' other employees that Kohlhauff had inquired whether they were satisfied with their jobs. The employees also reported that Kohlhauff inquired whether they would be interested in working for him in a similar business. When the employer confronted Kohlhauff with these allegations, he did not deny the inquiries occurred as stated. The employer subsequently discharged Kohlhauff.
The appeals referee concluded Kohlhauff was disqualified from receiving unemployment compensation benefits because he was discharged for misconduct connected with work. The UAC affirmed the referee’s decision.
The issue of whether misconduct includes the actions of an employee who asks fellow employees whether they would like to join him in a business venture similar to their existing employment is one of first impression in Florida. However, we have found three cases which support a finding of misconduct for this type of activity.
In LeBlang v. Office of Unemployment Security, 425 So.2d 910 (La. 4th Cir.Ct.App. 1983), LeBlang was discharged for many reasons, including making plans on company time to open a competitive business and discussing these plans with his co-workers. In affirming the referee’s decision, the court commented that the disloyalty exhibited by soliciting fellow employees to work. for a competitive business is enough to sustain a finding of misconduct. Accord, Porth v. Iowa Dep’t of Job Service, et al., 372 N.W.2d 269 (Iowa 1985).
In Potts v. Review Board of Indiana Employment Sec. Div., 475 N.E.2d 708 (Ind.Ct. App.1985), an employee invested in a competing cab company while working for Red Carpet Cab. The referee found that the employer had discharged the employee for breaching his duty of loyalty to his employer which was just cause for discharge. The court affirmed the referee, finding that such an arrangement was potentially hazardous for the employer since Potts was in a position to sabotage Red Carpet’s operation. The presence of a number of discontented Red Carpet employees leaving to join Pott’s new cab company makes Potts factually distinguishable from this case. However, the court’s analysis that such a situation is disruptive to the employer is persuasive in affirming the referee’s decision in the instant case.
We find it hard to find a clearer example of misconduct than an employee soliciting fellow employees on the job for his own business venture in competition with his current employer. The referee was free to weigh the evidence and judge the credibility of the witnesses. Continental Baking Co. v. Vilchez, 219 So.2d 733 (Fla. 2d DCA 1969). There was more than adequate evidence to sustain a finding of misconduct.
Affirmed.
FRANK, C.J., and PATTERSON, J., concur.