PETERSON, J.
Terry Roberts Site Work, Inc., (“TRS”), appeals a final order of the Unemployment Appeals Commission, (“UAC”), reversing the decision of an appeals referee who determined Steven R. Crowell was discharged for misconduct connected with work by soliciting another TRS employee to work for Crowell if he should start a new business.
The only witness at the hearing, other than Crowell’s wife, was the employee who Crowell solicited. The employee testified that Crowell was his supervisor, that Cro-well stated he would be starting a business of his own and would pay more than TRS if the employee would work for the new business. Mrs. Crowell attended the hearing in place of her husband and testified that initially the plan was to start a business the following April, but revised it to several years later upon learning of the large amount of funds necessary for start up costs.
The appeals referee found Cro-well disqualified to receive benefits because he had been properly discharged for misconduct at work by attempting to recruit a TRS employee to join his business. The UAC found that Crowell was entitled to benefits and reversed the appeals referee decision after finding that it was “not in accordance with the law.” The UAC reasoned that no competent evidence established that Crowell’s new business would compete with TRS. We disagree. “Misconduct” includes, but is not limited to, “conduct demonstrating willful or wanton disregard of an employer’s interest and found to be a deliberate violation or disregard of the standards of behavior which the employer has a right to expect of his or her employee.” § 443.036(29)(a), Fla. Stat. (2003). An employer has a right to expect that his or her employee will not solicit fellow employees on the job to join the employee’s competing business venture. See Kohlhauff v. Fla. Unemployment Appeals Comm’n, 646 So.2d 799 (Fla. 2d DCA 1994) (holding unemployment compensation claimant’s conduct in asking fellow employees whether they would like to join him in a business venture similar to their existing employment was misconduct disqualifying claimant from receiving benefits). Further, we agree with TRS that it is immaterial whether TRS provided competent evidence as to the issue of whether the business being formed by Crowell would be one that would “compete” with TRS. Crowell’s admitted acts in using company time for his own personal gain, even if “it was only talk,” constitutes misconduct connected with work as a matter of law. Cf. Rycraft v. United Technologies, 449 So.2d 382 (Fla. 4th DCA 1984) (recognizing that employee who had, inter alia, performed personal work at his desk and read want ads during working hours constituted misconduct connected with work, disqualifying employee for unemployment benefits); Alterman Transport Lines, Inc. v. Unemployment Appeals Comm’n, 410 So.2d 568 (Fla. 1st DCA 1982) (recognizing that worker who had utilized company employees on his personal projects at jobsite constituted misconduct connected with work, disqualifying worker for unemployment benefits).
We vacate the UAC’s reversal with instructions to reinstate the appeal referee’s findings.
REVERSED AND REMANDED.
THOMPSON and SAWAYA, JJ„ concur.