No. 608

First Circuit

CALLAGHAN v. NATALBANY LBR. CO.

(March 5, 1930. Opinion and Decree.)
(April 14, 1930. Rehearing Refused.)

Benton & Benton, of Baton Rouge, attorneys for plaintiff, appellant.

Kemp & Buck, of Amite, attorneys for defendant, appellee.

ELLIOTT, J. Defendant and appellee moves to dismiss the appeal herein on the ground that more than a year elapsed after the judgment was rendered and signed before it was taken.

The record shows that the judgment was read and signed in open court on September 20, 1927. But it also shows that the court, acting on a motion for new trial, overruled the motion by judgment read and signed in open court on October 21, 1929. The judgment did not become final until then.

The appellee urges in his brief that there was no motion for a new trial filed in the case which could have been acted on by the lower court. There is no motion for a new trial in the record, and the minutes of the lower court do not show that any was filed, but the declaration contained in the judgment of October 21, 1929, is conclusive that one had been filed. The appeal was timely taken. The motion to dismiss is overruled.

John M. Callaghan alleges that he is the owner of a certain tract of timbered land situated in the parish of Livingston; that Natalbany Lumber Company is engaged in the purchase of timber and the manufacture of same into lumber. That S. H. Sharp and L. T. Smythe were agents of defendant, and authorized to make contracts for the purchase of timber in behalf of defendant; that said Sharp, and, after him, said Smythe, entered into a contract with plaintiff to buy his timber for $1,000 cash; and then, after he had undergone, at defendant's request, the expense of making an abstract of his title and having his land located and surveyed, the said defendant declined to consummate the sale. He sues to compel defendant to comply with the contract, take title to his timber, and pay him for it. In the alternative, he prays that defendant be required to refund him the sum expended in the way mentioned, at defendant's request. An item of $215 claimed in his petition on account of loss by fire was abandoned.

The defendant, after excepting to plaintiff's petition on the ground that it was vague and set forth no right or cause of action, filed an answer, in which it denies that it bought plaintiff's timber, alleges that it is under no obligation to plaintiff to take his timber, and denies plaintiff's alleged ownership of the timber.

The plaintiff offered parol evidence in support of his averments that Sharp and Smythe were agents of the defendant, and as such had bought his timber; and that defendant had adopted their action and approved the purchase. Defendant objected to this evidence on the ground that it was not admissible to prove agency to buy standing timber. The lower court overruled the objection and heard the evidence. Defendant urges that it should have been sustained.

No written power of attorney was given by the defendant to Sharp and Smythe authorizing them or either of them to buy standing timber for the defendant. All that they were authorized or empowered to do was to find timber and negotiate with the owners for its purchase, ascertain the price, etc., and refer the matter to defendant's general manager, Mr. F. W. Reimers, for final action. Mr. Reimers alone had power to conclude the deal. "If it be necessary" for an agent to "do any other act of ownership, the power must be express." Civil Code, art. 2996. The power must be express and special "to sell or to buy." Civil Code, art. 2997. Sharp and Smythe had no such power.

The evidence consists in part of letters written plaintiff and defendant, and to H. K. Strickland, defendant's attorney, by Sharp and Thames and Smythe. In a letter of August 23, 1923, Sharp wrote to plaintiff that he would take his timber for $1,000, but he requests plaintiff to send him an abstract, and further says: "Just as soon as my client examines the abstract of this and is satisfied with your title, we will be ready to take deed. Let me hear from you at once."

Parol evidence was admissible to show that Sharp, in speaking of his "client," had reference to defendant, and the evidence shows that it was the defendant to whom he referred. We think the court properly heard the evidence on the subject, and it seems to have been properly applied. The evidence shows, however, that Reimers alone had authority to close a contract, and that, until he had examined a proposition and approved of it, the defendant was not bound. The reservation made in the letter mentioned, that plaintiff's title must be satisfactory to defendant, defeated the sale, because, when the abstract was submitted to Reimers, he and Mr. Thames, who assisted in the examination of titles, became suspicious that the timber which was supposed to be on plaintiff's land, and which was the basis and foundation of Sharp's offer in his letter of August 23, 1923, was as a matter of fact, not on plaintiff's land, but on adjoining lands and belonged to other owners.

Defendant, in order to find out definitely, requested plaintiff to have his land surveyed. The survey was made, and confirmed the fact that the greater part of the timber which Mr. Sharp, in making his offer of $1,000, had supposed was on plaintiff's land, was not in fact on his land, but on adjoining lands belonging to other owners. Upon learning this fact, Mr. Reimers refused to carry out the deal, on the ground that defendant was not getting the timber which the $1,000 was to pay for. Plaintiff contends that defendant had gone so far with the matter that it could

not refuse to consummate the sale. But we do not think so. Code Prac. art. 20; Civ. Code, art. 1882.

Mr. Reimers, upon discovering that defendant would not get the timber which was the basis of its offer of $1,000 cash, had the right to refuse to consummate the sale. In the letter making the offer, it was stipulated that plaintiff's title, and by title was meant the timber, must be satisfactory to defendant, and it was not satisfactory.

Plaintiff contends that error and mistake in that matter is not urged in defendant's answer, and that it therefore is not entitled to be released from its offer on that account. The plaintiff alleges that he is the owner of the land on which the timber was situated, and ownership of the land means ownership of the timber, and the timber was the basis of the offer in question.

Defendant denied that plaintiff owned the land, which in effect was a denial that he owned the timber which was the object of the contract. This denial put at issue plaintiff's ownership of the timber on account of which he sues to compel a sale, and, as heretofore stated, the evidence is to the effect that plaintiff does not own the greater part of the timber which is the basis of his demand for a specific performance. Plaintiff's demand for a specific performance was properly refused. The plaintiff urges in his petition as alternative, demand for expenses. The lower court rejected this demand.

We think plaintiff is entitled to reimbursement for his expenses. The evidence shows that defendant made the mistake about plaintiff's timber, and that plaintiff did not contribute to it in any way. The plaintiff knew he owned 100 acres of land, but it had never been surveyed, and he did not know that the timber defendant had in mind was not on his land until it was disclosed by a survey.

Defendant, working through agents, found desirable timber, and, supposing it to be on plaintiff's land offered him $1,000 for it. Defendant requested him to have an abstract of his title made, which he did, at an expense of $25. The abstract did not make clear to whom the timber that defendant had in mind belonged, so defendant then requested plaintiff to have his land surveyed, which plaintiff did at an expense of $50.

Plaintiff's land was described by boundaries. It became necessary to point the boundary lines out to the surveyor in order to enable the survey to be made. This cost plaintiff $20; making in all $95 expended by him, which he would not have done had he not been requested by defendant to do the things which required the outlay.

For these reasons, the judgment appealed from, to the extent that it refused to compel defendant to take title to plaintiff's timber on the tract of land in question and pay him $1,000 cash therefor, is correct, and it is affirmed. But to the extent that it denies plaintiff relief under his demand in reconvention it is in error. The judgment appealed from is, in that respect, annulled and set aside, and it is ordered and decreed that plaintiff, John M. Callaghan, have and recover of the defendant Natalbany Lumber Company, Limited, $95, with 5 per cent per annum interest thereon from November 6, 1924, until paid. And, defendant's mistake having caused this suit, it is ordered that the defendant and appellee pay the cost in both courts.

LECHE, J., not participating.