**CITY OF SLIDELL**

v.

**Rosie Burke, wife of/and Paul A. WADE, et al.**

**Civ. A. No. 85–4977.**

United States District Court, E.D. Louisiana.

Oct. 31, 1986.

in obtaining a right of way, contact the owners, negotiate a price for its purchase, and return a signed right of way form to Elaine Guillot, his supervisor, for approval. Guillot instructed Barnes not to negotiate over $1.00 a square foot without consulting her. If Guillot approved the terms, the right of way would be sent to the Mayor for his signature and then to the Finance Department for issuance of a check to the owner.

Timothy Mathison, Slidell, La., for plaintiff.

Earl N. Vaughan, Vaughan, Messina & Hellman, New Orleans, La., for defendants.

## MEMORANDUM OPINION

MENTZ, District Judge.

Plaintiff, the City of Slidell (City), brought suit alleging that defendant, David L. Barnes (Barnes), breached a fiduciary duty owed to the City, and that defendant, Paul A. Wade (Wade), assisted him. The defendants filed a counterclaim for damages allegedly resulting from the filing of this lawsuit and executory process. After trial on the merits, the Court finds from the evidence as follows.

## FINDINGS OF FACT

### I.

The City is a Louisiana municipality. The defendants are residents of Mississippi. This Court has jurisdiction on diversity of citizenship.

### II.

Barnes was employed by the City in March and April, 1985, as a contract employee to negotiate right of way agreements. He was hired under an oral contract at $10.00 per hour and was paid for his expenses, such as copy costs and mileage. Barnes was authorized to abstract property on which the City was interested

### III.

The City's policy was to acquire rights of way as cheaply as possible and Barnes was aware of that policy. In the past, the City had purchased an entire parcel of property when it was cheaper than buying a right of way.

### IV.

Barnes learned of the City's need for a right of way over a parcel of property in Section 34, Township 8 South, Range 14 East (the subject property) while in the course of his work for the City. After unsuccessfully trying to contact the owner, Leroy Miles, Barnes contacted James Whittenburg, Esq., whom he noticed had done some legal work for Miles. Whittenburg told Barnes that Miles was interested in selling the property.

### V.

Barnes knew that the City had contracted to construct a sewer line route through the subject property and was facing a deadline for acquiring a right of way over the property.

### VI.

The City's need for the right of way over the property was not general public knowledge. The City did not publicize the location of property here rights of way were sought. However, the route of the sewer line could be discovered by examining maps at the City Engineer's Office.

## VII.

Barnes contacted Richard Reynolds, Esq. about the propriety of purchasing the subject property for himself, and was advised that Barnes' position with the City would not preclude him from purchasing the property.

## VIII.

Barnes never disclosed to the City that the entire property could be bought for $4,000.00.

## IX.

Barnes contacted Wade to act as the buyer of Miles' property. Miles sold the property to Wade on April 22, 1985 for the sum of $4,000.00 by deed recorded on April 22, 1985.

## X.

Wade executed a counter letter dated April 22, 1985 to Barnes concerning the property purchased from Miles, which was recorded on October 17, 1985. The counter letter stated that Wade had no interest in the property and that Wade purchased the property for the account of Barnes with sums furnished by Barnes.

## XI.

Barnes submitted three right of way agreements from Wade to the City covering the property, which stipulated consideration of $14,077.00, $250.00, and $400.00.

## XII.

On May 5, 1985, the City issued a check in the amount of $14,727.00 payable to Wade for the purchase of the rights of way. Barnes delivered the checks to Wade who cashed them. Barnes received $14,227.00 and Wade received $500.00.

## XIII.

Barnes did not disclose his interest in the property to the City.

## XIV.

Rosie Burke, wife of Paul Wade, did not sign any of the rights of way sold to the City.

## XV.

In May, 1985, Barnes contacted Mr. and Mrs. J.M. Clavijo and other neighboring property owners about selling them the subject property. During negotiations with the owners, Barnes represented himself as the owner of the property and never disclosed his employment with the City.

## XVI.

Barnes and the adjacent owners agreed to a purchase price of $6,000.00. The Act of Sale took place on October 9, 1985 and was recorded on October 21, 1985. Both Wade and his wife, Rosie Burke Wade, executed the Act of Sale transfering their interests. Payment was made by four checks, each in the sum of $1,500.00 made payable to Paul and Rosie Wade.

## XVII.

After being informed by Councilwoman Pearl Williams that Barnes might have an interest in the property, Guillot (the City Attorney) wrote Wade and his wife a letter dated October 4, 1985 giving them seven days to respond before she filed suit. Suit was filed on behalf of the City on October 9, 1985.

## XVIII.

Rosie Burke Wade, David L. Barnes, and his wife executed a quitclaim on February 27, 1986.

## CONCLUSIONS OF LAW

### I.

 Barnes owed a fiduciary duty to the City. The case of *Texana Oil and Refining Co. v. Belchic*, 150 La. 88, 90 So. 522 (1922), states the general doctrine of an employee's duty to his employer:

The employee is duty bound not to act in antagonism or opposition to the inter-

est of the employer. Every one, whether designated agent, trustee, servant, or what not, who is under contract or other legal obligation to represent or act for another in any particular business or line of business or for any valuable purpose, must be loyal and faithful to the interest of such other in respect to such business or purpose. He cannot lawfully serve or acquire any private interest of his own in opposition to it. This is a rule of common sense and honesty as well as of law. The agent is not entitled to avail himself of any advantage that his position may give him to profit beyond the agreed compensation for his service. He may not speculate for his gain in the subject-matter of his employment. He may not use any information that he may have acquired by reason of his employment either for the purpose of acquiring property or doing any other act which is in opposition to his principal's interests.

*Id.* 90 So. at 527 (quoting 21 R.C.L. 825, § 10).

In *Brown & Root, Inc. v. LaBauve*, 219 F.Supp. 179 (W.D.La.1962), a case with facts similar to those in the instant case, LaBauve was employed to purchase rights of way for Brown & Root for the purpose of laying a pipeline for the transportation of petroleum products from Louisiana to Texas. LaBauve, like Barnes in the instant case, was paid a salary plus expenses to make title searches and determine ownership along the proposed pipeline route. La-Bauve, also like Barnes, had access to full details of his employer's operations, including the terms of the proposed rights of way, prices to be paid, location of the route, ownership of the land and related matters resulting from his study of the public records pursuant to his duties. The court found that, even though LaBauve resigned before he acquired an interest adverse to his principal, a fiduciary or trust relationship existed so that LaBauve was unable to capitalize on information and knowledge gained while employed with Brown & Root, even though that information could be obtained from public sources. Similarly, in the instant case, Barnes owed a fiduciary

duty to the City which he breached by using information gained while employed by the City to purchase the subject property for his personal gain.

## II.

La.C.C.Art. 2997 provides in part that "the power must be express and special for the following purposes: To sell or buy...." Defendants argue that a fiduciary relationship did not exist because the employment contract involved the buying and selling of an interest in immovables and was not reduced to writing. *See Ward v. Pennington*, 434 So.2d 1131, 1137 (La. App. 1st Cir.1983). Indeed, Barnes' employment contract was oral. However, Barnes was not authorized to sell or buy property. All he was authorized to do was to find and negotiate with the owners for purchase of rights of way. Thus, it was not necessary that his authority be reduced to writing. *See Callaghan v. Natalbany Lumber Co.*, 13 La.App. 253, 126 So. 534 (La.App. 1st Cir.1930).

## III.

In view of the Court's finding that Barnes breached a fiduciary duty owed to the City, the Court need not address the City's alternative arguments that Barnes was negligent in obtaining the rights of way from the Wades and that the rights of way signed by Paul Wade are invalid because Rosie Burke Wade did not sign the rights of way.

## IV.

■ It is well settled under Louisiana law that "whatever the agent servant/fiduciary wrongfully acquires during the fiduciary relationship must be disgorged completely, once and for all." *McDonald v. O'Meara*, 473 F.2d 799, 805 (5th Cir.1973), *cert. denied*, 412 U.S. 906, 93 S.Ct. 2293, 36 L.Ed.2d 971 (1973). As stated in *Texana Oil & Refining Co. v. Belchic*, 90 So. at 527,

He will be required to account to his employer for any gift, gratuity, or bene-

fit received by him in violation of his duty, or any interest acquired adverse to his principal without a full disclosure, though it does not appear that the principal has suffered any actual loss by fraud or otherwise.

Thus, the defendants' argument that the City has not suffered any damages because the amount paid for the right of way was reasonable is without merit. Accordingly, Barnes must return to the City the full sum of $14,227.00, the amount he acquired as a result of the breach of fiduciary duty he owed to the City.

### V.

The City, in its post-trial memorandum, alleges that Barnes breached the Code of Governmental Ethics (La.R.S. 42:1101, et seq.) by participating in a transaction in which he had a substantial economic interest. The complaint of the City, its amendments, and importantly, the pre-trial order, which controls the issues to be presented at trial, contain no allegation of violation of the Code of Governmental Ethics. Therefore, the issue of the Code of Governmental Ethics is not properly joined in this lawsuit and shall not be considered by the Court.

### VI.

The City has not provided the Court with any legal theory to support liability of the defendants, Rosie Burke Wade and Paul Wade.

### VII.

The defendants have not provided the Court with any legal support for its counterclaim against the City.

Accordingly, in view of the foregoing,

IT IS ORDERED that judgment be entered in favor of plaintiff, the City of Slidell, and against defendant, David L. Barnes, in the amount of $14,227.00 together with legal interest from date of judicial demand and costs.

IT IS FURTHER ORDERED that the claim of plaintiff, the City of Slidell, against defendants, Rosie Burke, wife of/and Paul A. Wade, be DISMISSED with prejudice, each party to bear its own costs.

IT IS FURTHER ORDERED that the counterclaim of all defendants against plaintiff be DISMISSED with prejudice, each party to bear its own costs.